KENNETH SMITH                                                                                    Plaintiff

v.

THE NECA-IBEW PENSION BENEFIT                                                    Defendant
TRUST FUND

## MEMORANDUM OPINION

This matter is before the Court upon Defendant NECA-IBEW Pension Benefit Trust Fund's Motion for Summary Judgment. (Docket No. 15.) Plaintiff Kenneth Smith has responded. (Docket No. 18.) Defendant has replied. (Docket No. 19.) This matter is now fully briefed and ripe for adjudication. For the following reasons and consistent with the below opinion, the Court will **GRANT** Defendant's Motion for Summary Judgment. (Docket No. 15.)

### BACKGROUND

This is an action seeking judicial review of a decision by the Appeals Committee of the Board of Trustees of the NECA-IBEW Pension Trust ("Pension Plan") to deny Plaintiff Kenneth Smith's claim for severance of employment benefits accrued after January 31, 2006. On July 1, 2011, Plaintiff Smith submitted his application for severance of employment benefits. On July 26, 2011, Smith was notified that his application for severance of employment benefits accrued as of January 31, 2006, was approved, but that his application for severance of employment benefits accrued after

January 31, 2006, was denied because his employment as a Maintenance Electrician with LATA was considered within the Electrical Construction Industry.

Plaintiff Smith subsequently appealed the decision to deny his application for severance of employment benefits accrued after January 31, 2006. In his appeal, Smith argued he was entitled to severance of employment benefits accrued after January 31, 2006, because he had "not returned to the electrical construction industry" and "the IBEW does not have an electrical maintenance branch or is recognized under any other branch." On October 31, 2012, the Appeals Committee denied Smith's appeal. Plaintiff filed a Complaint in the McCracken Circuit Court on September 11, 2013, alleging breach of contract and requesting an award of compensatory damages, reasonable attorney fees and costs, and other relief to which he may be entitled. (Docket No. 1-2.) That action was subsequently removed to this Court. (Docket No. 1.)

STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The

test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

Defendant argues that the Appeals Committee's decision to deny Smith's claim for severance of employment benefits accrued after January 31, 2006, is entitled to review under the abuse of discretion standard—as opposed to *de novo*. Plaintiff's response does not dispute that abuse of discretion is the correct standard.[1] (*See* Docket

---

[1] The Court notes the principle of *contra proferentum* may have controlled if the Plan's language was ambiguous: "to the extent the Plan's language is susceptible of more than one interpretation, we will apply the rule of *contra proferentum* and construe any ambiguities against . . . the drafting parties." *Clemons v. Norton Healthcare, Inc. Retirement Plan*, 2013 WL 5924429, at *5 (W.D. K.Y. Oct. 31, 2013) (*citing Univ Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846-47 (6th Cir. 2000). However, as will become apparent, the Court finds the Plan's language is not ambiguous and, therefore, it is unnecessary to resolve this issue.

No. 18.)  In any event, the Court notes the standard would not be determinative in the outcome of this case because the Plan's language is clear and unambiguous.

(a) <u>Plaintiff's Breach of Contract Claim Based on Section 6.04(b) of the Plan</u>

Section 6.04(b) of the Plan describes employment benefits payable with respect to the benefits accrued after January 31, 2006:

> (b) Benefits Accrued after January 31, 2006
>
> With respect to benefits accrued after January 31, 2006: If a Participant has **ceased to work in the Electrical Construction Industry for a period of two consecutive years or more.** Then upon application to the Trustees and submission of proof satisfactory to the Trustees, such a Participant may be treated as if he is retired under Section 6.01(a) in the case of a married Participant or under Section 6.01(b) in the case of an unmarried Participant.  If an application is denied, a Participant retains his rights to benefits at normal retirement age or under other provisions of this Article.
>
> **Electrical Construction Industry means** any and all types of work (whether performed as an employee, supervisor, owner, partner, officer or director) **involving or related to electrical work within the jurisdiction of the IBEW as stated in the Constitution** of the International Brotherhood of Electrical Workers in effect at the time of an application for benefit.

(Docket No. 14-1, at 39) (emphasis added).

Article XXVI of the International Brotherhood of Electrical Workers' (IBEW) Constitution provides that the "jurisdiction of the IBEW be recognized as one covering":

> (a) The manufacture, assembling, construction, installation or erection repair or **maintenance** of all materials, equipment, apparatus and appliances required in the production of electricity and its effects

> (b)  The operation, inspection and supervisors of all electrical equipment, apparatus, appliances, or devices by which the energy known as electricity is generated, utilized and controlled.
>
> (c)  The manufacture, assembling, construction, installation or erection, repair or **maintenance** of all materials, equipment, apparatus and appliances required in the transmission of data, voice, sound, video and other emerging technologies (including fiber optics, high speed data cable, etc.).

(Docket No. 14-2, at 41) (emphasis added). Article XXVI also expressly states that "maintenance men" are covered under "Outside and Utility Workers", which is one of the five branches into which the IBEW divides "Electrical workers". (*See* Docket No. 14-2, at 41.)

In submitting his claim, Plaintiff Smith admitted in an affidavit that his current job title was "Maintenance Electrician" and that his employers' business was "Electrical Maintenance Environmental Remediation." (Docket No. 14-3, at 6.) Additionally, LATA Environmental Services of Kentucky, Plaintiff's employer, verified his employment as an "Electrician." (Docket No. 14-3, at 8.) Based on this information, the IBEW Pension Benefit Trust Fund denied Plaintiff's application for benefits because his current employment as a "Maintenance Electrician" was considered within the "Electrical Construction Industry", as defined in 6.04(b). (Docket No. 14-3, at 13.)

Nevertheless, Plaintiff appealed arguing he was entitled to benefits accrued after January 31, 2006, under Section 6.04(b):

> IBEW does not have an electrical maintenance branch or is recognized under any other branch. Maintenance and construction is two different things.

(Docket No. 14-3, at 18-19.) Plaintiff does not make any new arguments or even expand on this argument in his response to Defendant's motion for summary judgment.

(Docket No. 18.) That response merely asserts there are genuine issues as to material facts and Defendant is not entitled to judgment as a matter of law. *Id.*

The Court agrees with Defendant that Plaintiff is not entitled to payment of benefits accrued after January 31, 2006, under Section 6.04(b). In order for payment to occur under 6.04(b), Plaintiff would have had to cease work in the Electrical Construction Industry for a period of two consecutive years or more. The scope of Electrical Construction Industry, which encompasses all "electrical work within the jurisdiction of the IBEW", includes "maintenance of all materials, equipment, apparatus, and appliances required in the production of electricity and its effects" and "maintenance men." (Docket No. 14, at 41.) Thus, the "Electrical Construction Industry" under Section 6.04(b) would clearly encompass Plaintiff's work as a "Maintenance Electrician" at LATA. Accordingly, the Court will **GRANT** Defendant's Motion for Summary Judgment on Plaintiff's breach of contract claim because the denial by the Appeals Council was in accordance with the plain language of the Plan. Under Section 6.04(b), Plaintiff is not eligible for severance of his employment benefits that accrued after January 31, 2006.

(b) <u>Plaintiff's Claim That He Should Be Allowed to Receive His Account Balance</u>

In his Complaint, Plaintiff Smith argues that if he is deemed ineligible for severance of employment benefits that accrued after January 31, 2006, he should be able to contribute to his pension. (Docket No. 1-2, at 2, ¶ 7.) Plaintiff does not point to or cite any part of the Plan for this proposition. Defendant argues Plaintiff is not

entitled to make contributions and that to permit such contribution would be contrary to the express written terms of the Pension Plan.

Although not required to do so, the Court has reviewed the Pension Plan and found no provision entitling Plaintiff to contribute to the pension on his own behalf. Therefore, the Court finds that Plaintiff is not entitled to contribute to the Pension Plan.

(c) <u>Plaintiff's Claim for Compensatory Damages</u>

Because the Court will dismiss Plaintiff's complaint, damages are not at issue. Therefore, the Court does not need to address whether hypothetically compensatory damages would be available.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is **GRANTED**. (Docket No. 15.)

IT IS SO ORDERED.

Date:

cc: Counsel